UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA LAWRENCE,

    Plaintiff,

v.                                      Case No: 8:16-cv-2011-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

## OPINION AND ORDER

Plaintiff, Samantha Lawrence, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability, DIB, and SSI on August 9, 2012. (Tr. 182-84, 185-88). Plaintiff's applications were denied initially on October 9, 2012, and upon reconsideration on February 21, 2013. (Tr. 123-24, 125-26, 131-132, 133-34). Plaintiff requested a hearing and a hearing was held before Administrative Law Judge Laurel Greene ("the ALJ") on September 18, 2014. (Tr. 55-78). On November 25, 2014, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 41-50). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on May 11, 2016. (Tr. 1-4). Plaintiff initiated the instant action by Complaint (Doc. 1) on July 13, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2014, the amended alleged onset date. (Tr. 43). At step two, the ALJ found that Plaintiff had the following severe impairments: mild reversal of

cervical spine lordosis and obesity. (Tr. 44). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 45).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) such that she can occasionally lift and/or carry 20 pounds and 10 pounds frequently. She can stand and/or walk about 4 hours in an 8-hour workday and sit for a total of about 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, but is unable to climb ladders, ropes or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She can have only occasional exposure to extreme heat, unprotected heights, dangerous machinery and vibrations.

(Tr. 46). At step four, the ALJ found that Plaintiff was not capable of returning to her past relevant work as a home health aide. (Tr. 48).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform. (Tr. 49) Specifically, the ALJ found that Plaintiff could perform the occupations of "assembler, small products," "poly packer/heat sealer," and "final inspector." (Tr. 49). The ALJ concluded that Plaintiff was not under a disability from February 1, 2014, through the date of the decision. (Tr. 50).

**II.     Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to fully develop the record by ordering a consultative mental examination; and (2) whether the Appeals Council erred by finding that evidence Plaintiff submitted after the ALJ's decision was entered was not material to the relevant time period. The Court will address each issue in turn.

**A) Whether the ALJ erred by failing to fully develop the record by ordering a consultative mental examination.**

Plaintiff notes that she testified at the administrative hearing that she gets panic attacks about three times a week but that she does not receive any mental health treatment because she does not have insurance. (Doc. 21 p. 6). In addition, Plaintiff notes that the medical record indicates she has a history of anxiety disorder. (Doc. 21 p. 7). Plaintiff argues that given Plaintiff's testimony of severe symptoms of anxiety and history of anxiety disorder, the ALJ was required to develop the record by ordering a consultative psychological examination. (Doc. 21 p. 7).

In response, Defendant argues that the ALJ properly determined that Plaintiff did not have a severe mental impairment based on the lack of evidence of any diagnosis or treatment during the relevant time period from February 1, 2014, through November 25, 2014. (Doc. 24 p. 5). Defendant contends that substantial evidence supports the ALJ's determination and that a consultative examination was not required. (Doc. 24 p. 6).

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This duty is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of evidence. *Ferlisi v. Astrue*, 2008 WL 4372841, at *4 (M.D. Fla. Sept. 24, 2008).

Here, the record shows that prior to the relevant period of February 1, 2014 through November 24, 2014, Plaintiff saw Dr. Camille Anise, a psychiatrist, for complaints of anxiety/PTSD/grief in August of 2012. (Tr. 289-291). Dr. Danielle King, a psychologist, noted Plaintiff experienced panic attacks and anxious mood (Tr. 287-288).

In October of 2012, Dr. King noted a report of a recent panic attack and an anxious mood. (Tr. 279). On January 10, 2013, Dr. King noted improvement in Plaintiff's panic/anxiety with no

recent panic attacks. (Tr. 279). Dr. King noted no behavior abnormalities, euthymic mood, and no impaired thought processes. (Tr. 279). On January 28, 2013, Melinda Pritchett, a nurse, noted Plaintiff had previously been diagnosed with anxiety but was not on medication and had no psychiatric symptoms. (Tr. 271-273). On December 18, 2013, Ms. Pritchett noted Plaintiff had "no psychological symptoms" (Tr. 488-489).

On October 9, 2012, Dr. Thomas Conger, a state agency psychologist, reviewed the medical evidence and concluded that Plaintiff had non-severe impairments due to anxiety and/or PTSD. (Tr. 80-85). On February 20, 2013, Dr. Jennifer Meyer, another state agency psychologist, reviewed the medical evidence and affirmed this determination. (Tr. 100-106).

In this case, the Court finds that the ALJ did not err by choosing not to order a consultative mental evaluation. The record contains no evidence of mental health treatment during the relevant time period. Although Plaintiff alleges that she could not afford mental health treatment due to lack of insurance, this fact alone does not warrant remand. Plaintiff's latest mental health treatment records show that Plaintiff had improvement in her panic/anxiety, had no psychiatric symptoms despite not being on medication. (Tr. 279, 271-73, 488-89).

The burden of proving disability rests with Plaintiff. *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2011). Plaintiff failed to provide evidence showing she was disabled due to any mental limitation. The record contained sufficient evidence for the ALJ to make an informed decision, and there was no error by his choice to not order a consultative examination of Plaintiff's limitations.

### B) Whether the Appeals Council erred by finding that evidence Plaintiff submitted after the ALJ's decision was entered was not material to the relevant time period.

In this case, the Appeals Council explained its treatment of the evidence submitted after the ALJ's decision as follows:

> We also looked at the Activities of Daily Living Questionnaire and Digital Motion X-Ray from Physician's Group, dated May 13, 2015, through October 20, 2015 (14 pages), the lumbar MRI from Rose Radiology, dated July 9, 2015 (5 pages), and the treatment notes from Citrus Park Surgery Center, dated September 25, 2015 (1 page). The Administrative Law Judge decided your case through November 25, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 25, 2014.

(Tr. 2).

Plaintiff argues that the Appeals Council erred by failing to find that the evidence submitted after the ALJ's decision pertained to the relevant time period at issue, i.e., February 1, 2014- November 25, 2014. (Doc. 21 p. 7). Plaintiff contends that there is no indication that Plaintiff suffered a traumatic injury after the ALJ entered her decision. Thus, according to Plaintiff, there is a "high probability that the claimant's cervical and lumbar spine were in the same condition on November 25, 2014, as they were at the time of the MRI scan and x-rays done in May and June, 2015." (Doc. 21 p. 8). Plaintiff contends that if the information contained in the x-rays and the MRI reports been before the ALJ, there is a reasonable probability her decision would have been different. (Doc. 21 p. 8).

Defendant argues that the ALJ properly reviewed the additional evidence and was correct in finding that new evidence was not chronologically relevant to the ALJ's decision. (Doc. 24 p. 6-7).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision'

and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§ 404.970(b), 416.1470(b)).  New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

In this case, the Court finds no error in the Appeals Council's finding that the additional evidence submitted after the ALJ's decision was not chronologically relevant.  Plaintiff has made no showing that this evidence, dated more than six months after the ALJ's November 2014 decision, related to the relevant time period.  Instead, Plaintiff only speculates that there is a "high probability" that her condition had not changed in the intervening six months.  Further, Plaintiff has failed to explain how the additional evidence would change the administrative outcome.  For these reasons, the Court will not disturb the Appeals Council's finding on review.

### III.     Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of Section 405(g).  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties